Lane, J.,
delivered the opinion of the court:
The point arising in the present case affords an example of the changes by which the law accommodates itself to the varying circumstances of the age.
No distinction was made by the Roman law between real and personal estate; both were subject to the same condition of descent or other legal disposition. When feudal principles predominanted, land, the reward of the soldier, or the means of organizing the military force of the government, was withdrawn, in a great measure from the control of the occupant or from liability' to his debts, and held subject to the rule of descents only. The efforts of centuries have been directed to the emancipation of the realty from these restrictions, and its inviolability has been so impaired by subtle contrivances, by open or indirect attacks, by the wearing out of ancient usages, and by the adoption of new principles, that it may now be molded to most exigencies, and the dominion of the owner over it is nearly as complete as over chattels.
* Wherever a proper partnership subsists, the partnership debts impose a lien upon the partnership property, both as between the partners themselves and the creditors and the partners, or their representatives. 6 Ohio, 113. This lien arises at the acquisition of the property, from the relation itself of partners and is liable to be defeated by a bona fide sale only.
If lands can .be holden in partnership after the same rules as personalty, the right of the dower must be subordinate to this lien. For her estate is derived from her husband, and is subject to all incumbrances existing against it, at the acquisition of his title. 1 Ohio, 542.
In the earlier stages of the common law, no proper partnership in lands could subsist; but as social arrangements became more complex, land was necessarily used in partnership purposes, firstly as auxiliary to the general objects of the association, or received for debts, and more lately as direct capital stock. Numerous cases upon this subject are cited in the arguments. They show that the same rules which affect chattels have gradually been extended to lands held for partnership purposes; that wherever partners man *370 ifest their intention to hold lands as partnership stock, either by •express convention, or by their course of dealing, it will be treated .as, such in all respects by courts of equity. If such be the law in England, and in the elder states, its policy is more imperative ¡here, where real estate is so much the subject of traffic.
Demurrer sustained; bill dismissed without costs.